UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS A. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 24-cv-07561-AMO<br><br>**ORDER REOPENING CASE;<br>ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 39 |

Before the Court is a motion to reopen the case and "reset previously scheduled dates and deadlines." The case was improperly closed as a result of administrative error. Therefore, the Court **ORDERS** the Clerk of Court to reopen the case.

In support of the request to "reset previously scheduled dates and deadlines," Attorney Elizabeth A. LaRocque's declaration identifies several case events. *See* LaRocque Decl. (Dkt. No. 39-1). Significantly, the Court entered a Pretrial Scheduling Order setting several dates and deadlines governing this matter, including a trial date. *Id.* ¶ 4; *see also* Dkt. No. 35. The parties' stipulation to dismiss the sixth cause of action was filed on November 20, 2025, and signed by the Court on November 28, 2025. *See* LaRocque Decl. ¶ 5; *see also* Dkt. Nos. 37, 38. The case was administratively closed on January 6, 2026. LaRocque Decl. ¶ 6. LaRocque, Plaintiff's counsel, certifies that she informed Defendant's counsel upon discovering the error on February 19, 2026, and followed up on February 24, 2026. LaRocque Decl. ¶ 7. LaRocque's declaration reveals that all counsel in this matter knew of the improper case closure yet failed to promptly raise the issue for remediation with this Court for nearly a month.

Further, though counsel acknowledges that the Court issued a Pretrial Scheduling Order at Docket No. 35, and ostensibly seeks to reset those dates, LaRoque sidesteps that counsel failed to

meet several of the deadlines set in that order. For example, the Court set a deadline of March 5, 2026, for several pretrial submissions, including proposed jury instructions, trial briefs, proposed voir dire questions, and objections to exhibits. Dkt. No. 35 at 2-3. None of the items specified in the Pretrial Scheduling Order were filed by the March 5 deadline. Indeed, the motion to reopen the case was filed after the March 5 deadline. Had counsel been proceeding under the impression that the case was on going, that five causes of action remained live for adjudication, and that the case was closed as administrative error, they have failed to comply with case deadlines or show the necessary diligence to support the instant request to "reset" those deadlines.

Therefore, the Court **ORDERS** counsel for Plaintiff to SHOW CAUSE why this case should not be dismissed for failure to prosecute. The Court further **ORDERS** all counsel to SHOW CAUSE why they should not be sanctioned for failure to comply with the Court's pretrial deadlines. By no later than noon on March 19, 2026, counsel shall submit their respective responses to this Order in writing. Plaintiff's counsel's written response may not exceed five pages. Defendant's counsel's written response may not exceed three pages. The Court **SETS** the hearing on this Order to Show Cause for March 26, 2026, at 10:00 a.m. in Courtroom 10, 19th Floor, San Francisco. Lead trial counsel shall appear in person.

**IT IS SO ORDERED.**

Dated: March 16, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

2